Chesterfield Federal Savings and Loan Association of Chicago, a Corporation, Plaintiff-Appellee, Albert Fishbein, Counter-Claimant-Appellee, v. Alvin K. Schiller and Roslyn K. Schiller, His Wife, et al., Defendant-Appellant.

Gen. No. 51,187.

First District, Fourth Division.

May 13, 1966.

Alvin K. Schiller, pro se, of Chicago, appellant.

Abel J. De Haan, of Chicago, for Chesterfield Federal Savings and Loan Association of Chicago, appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is a motion to dismiss an appeal taken by one of the defendants, Alvin K. Schiller, from the entry of a decree of foreclosure. The appeal was taken to the Supreme Court which transferred the cause to the Appellate Court.

In the aforesaid decree, entered on April 28, 1964, the trial court stated that it "expressly finds that there is no just reason for delaying the enforcement of this Decree or an appeal therefrom." On April 7, 1965, the court entered an order that certain funds be applied in payment of a deficiency decree and on April 23, 1965, the court entered an order denying the motion of Alvin K. Schiller to vacate an order entered on February 26, 1965, requiring the deposit of a sum of money with the clerk of the court. On May 13, 1965, more than a year after the entry of the decree, Alvin K. Schiller filed a notice of appeal and listed therein the decree of April 28, 1964, and also the two orders of the court which were entered in April 1965. The record on appeal was filed in the Supreme Court on July 14, 1965. On September 10, 1965, a supplemental notice of appeal was filed limiting the appeal to the decree of April 28, 1964. On January 14, 1966, this case was transferred to the Appellate Court. Plaintiff's motion to dismiss the appeal, which had been filed but not acted upon in the Supreme Court, was refiled in this court on April 6, 1966.

Although plaintiff asserts numerous suggestions in support of its motion to dismiss this appeal, the main contention is that the notice of appeal was not filed within sixty days from the entry of the decree in violation of section 76(1) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 76(1)) in force at that time. In his objections to plaintiff's motion the defendant states that:

> The appellant did give verbal notice to the adverse parties in the presence of the presiding judge of the

lower court and was told by said presiding judge that he, the appellant, had a perfect right to appeal.

Defendant asserts that by virtue of this verbal notice, his notice of appeal was filed in full compliance with section 76(1) of the Civil Practice Act and argues that under that section an appeal may be taken from the Circuit Court within a period of fourteen months from the entry of a decree upon notice filed and notice given to adverse parties within one year from such entry.

██ A notice of appeal must be in writing. Greene v. Toman, 319 Ill App 252, 48 NE2d 760. Defendant, having filed his written notice of appeal more than one year after the entry of the decree, did not comply with the requirements of the then section 76(1), which provided that:

> No appeal may be taken from a trial court to the Supreme Court or Appellate Court after the expiration of 60 days from the entry of the . . . decree . . . .

The aforesaid section did allow the filing of a notice of appeal after the expiration of the sixty-day period and within the time limit as asserted by the defendant upon leave granted by the reviewing court based upon a showing by affidavit that, inter alia, "the failure to file [a] notice of appeal within the 60-day period . . . was not due to appellant's culpable negligence." At no point in his affidavit does defendant allege that he was not guilty of culpable negligence. Where a notice of appeal is not filed within the time required by section 76(1) the appeal shall be dismissed. McHale v. Marrs, 48 Ill App2d 171, 197 NE2d 736.

Therefore the defendant's appeal is dismissed.

Appeal dismissed.

ENGLISH and McCORMICK, JJ., concur.